Second District—February, 1917.    61

Sterling Wholesale Grocery Co. v. Risetter et al., 204 Ill. App. 61.

## Sterling Wholesale Grocery Company, Appellee, v. L. H. Risetter and J. W. Rhoads, trading as Risetter & Rhoads, Appellants.

### Gen. No. 6,352.    (Not to be reported in full.)

Appeal from the Circuit Court of Lee county; the Hon. RICHARD
S. FARRAND, Judge, presiding. Heard in this court at the October
term, 1916. Affirmed. Opinion filed February 10, 1917.

### Statement of the Case.

Action by Sterling Wholesale Grocery Company, a
corporation, plaintiff, against L. H. Risetter and J. W.
Rhoads, partners, trading as Risetter & Rhoads, de-
fendants, to recover $515.55 for merchandise sold and
delivered. From a judgment for plaintiff, defendant
Risetter appeals.

W. H. WINN and C. F. PRESTON, for appellants.

PHILLIP H. WARD, JOHN E. ERWIN and HARRY ED-
WARDS, for appellee.

MR. JUSTICE CARNES delivered the opinion of the
court.

### Abstract of the Decision.

1. PARTNERSHIP—*when evidence sufficient to support judgment
against partner for goods furnished partnership.* Evidence *held*
sufficient to show that one of two defendants charged as partners
knew that certain goods were furnished by the plaintiff on the
strength of such supposed partnership and upon his financial re-
sponsibility, and to support a finding and judgment against such
defendant for the price of the goods, in an action to recover
such price.

2. PARTNERSHIP, § 34*—*when person holding himself out as
partner becomes liable as such.* A person who may hold himself

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

out as a partner does not for that reason alone become liable as a partner except as to those who may be misled by such holding out.

3. INSTRUCTIONS, § 151*—*when properly refused.* It is not error to refuse to give instructions already given in effect.

4. PARTNERSHIP, § 246*—*what evidence is competent to show liability as partner.* A person's statement that he had an interest in a certain business and that of his supposed partner in his presence as to their partnership, and the latter's acts in advertising and conducting the business in the partnership name, *held* competent evidence to show such person's liability as a partner, in an action to recover against such person, as a partner, for goods sold and delivered.